UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STERLING CONLEY HURT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1-19-cv-05662 |
| MISSISSIPPI JOHN HURT FOUNDATION, | ) ) Judge Thomas M. Durkin |
| Defendant. | ) ) ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Sterling Conley Hurt ("Sterling") brings this *pro se* action against the Mississippi John Hurt Foundation (the "Foundation") alleging common law fraud, falsification of documents, money laundering, and copyright infringement. R. 3; R. 18. The Foundation moved to dismiss Sterling's complaint under Federal Rule of Civil Procedure 12(b)(6). R. 26. For the following reasons, that motion is granted.

### Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

This case concerns the transfer of country blues singer and guitarist John S. Hurt's—also known as Mississippi John Hurt ("Mississippi John")—musical legacy, and more specifically the right to royalties on his music.

***Complaint.*** Styled as a letter to the Court with numerous attachments, Sterling's complaint purports to state claims against the Foundation for "fraud, falsifying documents, and possibly money laundering." R. 3 at 2. It alleges that Sterling and Mary Wright Hurt ("Mary"), who is Sterling's sister, are among Mississippi John's grandchildren; Mississippi John left no will or testament; and in 1999 and after Mississippi John's death, a court determined that his heirs were his wife, Gertrude Conley Hurt ("Gertrude"), and 14 grandchildren, including Sterling and Mary. Thereafter, Mary established the Foundation to "steal the estate from the rightful heirs," listing Sterling as one of its directors and otherwise representing that

2

he and the other heirs had given permission to "make this estate a non-profit organization by the administrator of the foundation." R. 3 at 2. The complaint continues that various record companies thereafter released royalty payments to the Foundation at Mary and her attorney Linda Mensch's direction, with Ms. Mensch representing that she was acting with the permission of all of the heirs when she was not; Mary "sold the masters to the record company without the rest of the heirs [sic] consent;" and neither Sterling nor his brother have received anything from the estate because "we wanted to know how much money in escrow and accounting both foreign and domestic and was denied." *Id.*

Among the attachments to the complaint are the portion of the Foundation's articles of incorporation that list Sterling as a director, a December 2000 letter from the Illinois Secretary of State reflecting the Foundation's incorporation, and letters between Sterling and various record companies dated anywhere from 2006 to 2011. The letters concern Sterling's efforts to make clear that he is among Mississippi John's heirs and Ms. Mensch does not represent him or the other heirs, and to have royalty payments made to him and the other heirs directly, rather than through Mary or Ms. Mensch. The letters also refer to "the Mississippi John Hurt escrow account," and "Mississippi John Hurt Music, Inc.," and suggest that sometime after Mississippi John, Gertrude also passed away, referring to Ms. Mensch as representing Gertrude's estate, and Mary as the executrix. *See, e.g., id.* at 14, 26, 27. Additional attachments reflect payments from record companies to "Estate of Gertrude Conley Hurt," "John Hurt Music, Inc.," "Mississippi John Hurt Music (Estate)," and "Mississippi John

3

Hurt Music c/o Mary Hurt." *Id.* at 24, 30, 35, 36, 37, 39. And several letters from Mary or Ms. Mensch addressed to Mississippi John and Gertrude's heirs announce royalty payments and/or reflect the difficulty that Sterling caused—and legal fees he cost— the estates because of his complaints to the record companies. *See id.* at 32, 42, 43.

***Additional filings, the Foundation's motion, and Sterling's response.*** Sterling subsequently filed two more letters to the Court through which he attempted to add a claim for copyright infringement and requested a "siege" on the Mississippi John Hurt Music, Inc. account. R. 18; R. 23.

The Foundation thereafter moved to dismiss the complaint for failure to state a claim. In response, Sterling requested leave to amend his complaint, asserting that the Foundation was created based on falsified documents and other representations that Mississippi John's heirs were in agreement to establishing it, then used to negotiate the payment of royalties to Mary and her attorney Ms. Mensch, both of whom kept the money for themselves. R. 32 at 7. Sterling also argued the elements of conversion. *Id.* Sterling submitted affidavits from several fellow heirs indicating that they had never agreed to have Ms. Mensch represent them in regard to Mississippi John's estate, *id.* at 23-28, 31-32, 35-46, and two fellow heirs also offered letters alleging wrongdoing by Mary, *id.* at 29, 33.[1]

---

[1] Among other things, those letters alleged that Mary "is a chronic liar and a very dishonest person who has literally robbed our immediate family of approximately 20 acres of land, as well as, an unknown amount of money from the John Hurt estate," and "concealed any and all moneys [sic] into her personal account."

4

## Analysis

### I. Preliminary Matters

***Sterling's response brief and attachments.*** At the outset, the Foundation argues that the additional allegations and documents Sterling submitted in response to its motion cannot be considered by the Court. But it is well-established that: (1) *pro se* complaints should be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and (2) "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove," *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Indeed, a plaintiff "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Id.* The Foundation does not argue and the Court does not find that Sterling's more recent offerings are inconsistent with his complaint. Nor does the Foundation contend that the documents Sterling submits are inauthentic. Accordingly, the Court considers them here.

***Nature of suit; relationship between the parties and entities; standing.*** Although the Foundation does not challenge it, the Court questions whether Sterling has standing to pursue certain of his claims. Indeed, it is unclear: whether Mary or Sterling or someone else entirely is the administrator of the Mississippi John estate; whether Sterling intends to add additional defendants (e.g., Mary and/or Ms. Mensch); whether Sterling is seeking relief on behalf of other heirs; how the entities, accounts, and estates referenced in the attachments relate to the Foundation itself; and even how the Mississippi John estate and the Foundation relate to one another.

The allegations even suggest that the Foundation *is* the estate. *See* R. 3 at 2 (alleging that the Foundation "ma[de] this estate a non-profit organization by the administrator of the foundation). But an estate cannot sue or be sued, and to the extent Sterling attempts to sue on behalf of the estate's interests in his capacity as an heir, he lacks standing. *See Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 90 N.E.3d 463, 471–72 (Ill. App. Ct. 2017) ("The well established rule in this state is that an estate lacks the capacity to sue or be sued, and any action must be brought by the executor or representative of the estate"); *see also Hunter v. Pepsico, Inc.*, 631 Fed. Appx. 445, 446 (7th Cir. 2015) (affirming dismissal of complaint brought by heir on behalf of himself and other heirs alleging fraud and conversion (among other claims) against company that failed to pay royalties because heirs cannot sue on behalf of the estate's interests). Only an executor or administrator can do so, and as discussed Sterling has not alleged that he is either.[2] *Id.* With these questions in mind, the Court turns to Sterling's claims.

## II. Sterling's Claims

***Fraud and falsified documents (forgery).*** As discussed, Sterling alleges that the Foundation "fraudulently operat[ed] to steal the estate from the rightful heirs;" "fraudulently filed [falsified documents] with the State of Illinois Office of the Secretary of State" listing Sterling as a Foundation director; and that any claim that the heirs had agreed to Ms. Mensch's representation was fraudulent. R. 3 at 2, 7.

---

[2] And even if he were, he could not proceed *pro se*. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (an estate's legal representative may not sue *pro se*).

6

In Illinois, the basic elements of common law fraud are: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007) (citing *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 591 (Ill. 1996)). A party alleging fraud or mistake "must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). To meet this particularity requirement, "a plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011), pleading "in detail 'the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff,'" *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 792 (N.D. Ill. 1997) (citing *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082-83 (7th Cir. 1997)).

The Foundation contends that Sterling's allegations lack the specificity Rule 9(b) requires, and further that it is not a proper defendant. The Court agrees that the complaint's allegations are less than clear, including as outlined above but also to the extent that its references to the Foundation's fraudulent operation concern something other than reflecting his name as a director on its articles of incorporation, or the representation that he and the other heirs agreed to the Foundation's formation. It

7

is likewise unclear whether Mary and Ms. Mensch serve as administrator and lawyer (respectively) for the Mississippi John estate (or solely for Gertrude's estate), and whether any alleged fraud was committed other than by or through them, and if so, how and when.

But even if Sterling were more specific or named additional or different defendants, he has not alleged his own reliance upon any representations, which is fatal to his claim. *See Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 656 (2008) (first-party reliance is an element of common law fraud). Further, the Court questions whether any fraud claim he could plead is timely. The statute of limitations on a common law fraud claim is five years, and Sterling's submissions make clear that he was aware of any alleged wrongdoing associated with the Foundation's incorporation in 2006, if not sooner.[3] *See Khan v. BDO Seidman, LLP*, 977 N.E.2d 1236, 1242 (Ill. App. Ct. 2012) (applying five year statute of limitations set forth in 735 ILCS 5/13-205 to common law fraud claim).

Further, to the extent Sterling also intends to allege forgery because he was listed as a director on the Foundation's incorporation documents when he was not,

---

[3] The discovery rule postpones the beginning of a limitations period only "to the date when the plaintiff discovers or should have discovered that he has been injured." *Mnyofu v. Bd. of Educ. of Matteson Elementary Sch. Dist. 162*, 2012 WL 3436293, at *5 (N.D. Ill. Aug. 13, 2012) (citing *Clark v. City of Braidwood*, 318 F.3d 764, 766 (7th Cir.2003)). And because Sterling has failed to allege any acts within the limitations period, he also cannot invoke the continuing violation doctrine, even assuming it applies to fraud claims in the first place. *See Filipovic v. K&R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999) ("The continuing violation doctrine allows a complainant to obtain relief for a time-barred act . . . by linking it with acts that fall within the statutory limitations period.").

that is a criminal offense for which there generally is no private right of action. *See* 720 ILCS 5/17-3; *see also Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999). Yet victims of criminal forgery may recover damages in a civil suit brought pursuant to 5 ILCS 175/30-5. But there must be forgery in the first place. *See Sompo Japan Ins. Co. of Am. v. All. Transp. Grp.*, LLC, 627 F. Supp. 2d 897, 903 (N.D. Ill. 2009) (to obtain losses sustained as a result of forgery under 5 ILCS 175/30-5, "the victim must establish both (i) a violation of the applicable statute and (ii) losses as a result of the violation"). The complaint contains no allegation of any forgery conviction.[4] Accordingly, any civil claim under 5 ILCS 175/30-5 also fails.

***Conversion.*** Both the allegations in the complaint and Sterling's response brief also reflect the possibility of a conversion claim. To state such a claim, a plaintiff must allege: "(1) unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's personalty; (2) plaintiff's right to the property; (3) plaintiff's right to immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property." *G.M. Sign, Inc. v. Elm St. Chiropractic, Ltd.*, 871 F. Supp. 2d 763, 767 (N.D. Ill. 2012) (internal quotations omitted) (quoting *General Motors Corp. v. Douglass*, 565 N.E.2d 93, 97 (Ill. App. Ct. 1st 1990)).

---

[4] The Court questions whether such a conviction is possible in any case where, as here, the document contains false information, but does not "purport[ ] to have been made by another." *See Colon v. Town of Cicero*, 2015 WL 5001205, at *3 (N.D. Ill. Aug. 21, 2015) (no forgery where the document at issue contained false information, but was a "real (not bogus) application and [signed] in [the drafter's] own name") (citing *People v. DeFilippo*, 919 N.E.2d 929 (Ill. 2009)).

But it is impossible to evaluate Sterling's standing to bring this claim on the facts as currently alleged. And like fraud, conversion is subject to a five-year statute of limitations. *See G.M. Sign Inc. v. Stealth Sec. Sys., Inc.*, 2015 WL 9268416, at *2 (N.D. Ill. Dec. 21, 2015) (applying five year statute of limitations set forth in 735 ILCS 5/13-205 to common law conversion claim). Because Sterling's submissions do not allege any wrongdoing in the five-year period prior to his lawsuit, any such claim may also be barred.

***Money laundering and copyright infringement.*** Next, although Sterling alleged "money laundering" in his complaint and attempted to add a copyright infringement claim in a subsequent letter to the Court, Sterling failed to respond to the Foundation's arguments concerning the adequacy of either claim. Accordingly, he has waived them even if he could pursue a private right of action as to money laundering (which he cannot), and that his copyright infringement claim can be considered part of his pleading. *See Schaufenbuel v. InvestForClosures Fin., LLC*, 2009 WL 10699766, at *3 (N.D. Ill. Aug. 5, 2009) (no private right of action for money laundering, which is a criminal offense); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss").

***Breach of fiduciary duty.*** Finally, while neither is named a defendant and as noted it is unclear whether Mary is the administrator of—and Ms. Mensch the lawyer for—Mississippi John's estate (or solely the executrix and lawyer (respectively) for Gertrude's), the Court notes that generally, an executor or

10

administrator owes a duty to act with due care to protect the interests of an estate's beneficiaries. *See Gagliardo v. Caffrey*, 800 N.E.2d 489, 496 (Ill. App. Ct. 2003). As such, an heir may him or herself bring a breach of fiduciary duty claim by alleging: (1) a fiduciary duty on the part of the defendant administrator; (2) a breach of that duty; (3) an injury; and (4) a proximate cause between the breach and the injury. *See In re Estate of Lis*, 847 N.E.2d 879, 885 (Ill. App. Ct. 2006).

Sterling has not alleged such a claim here, but may be able to as to Mary provided that any such breach occurred within the allotted five-year limitations period. *See Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 2015 WL 5062823, at *2 (N.D. Ill. Aug. 26, 2015) ("Under Illinois law, claims for breach of fiduciary duty are actions . . . subject to the 'residual' five-year statute of limitations period specified in 735 ILCS 5/13-205"). But because an estate's lawyer owes a fiduciary duty only to the estate, Sterling could not reach Ms. Mensch under this theory. *See In re Estate of Kirk*, 686 N.E.2d 1246, 1250 (Ill. App. Ct. 1997) ("An attorney representing an estate must give his first and only allegiance to the estate," and an "cannot be held to have a duty to . . . beneficiaries" because of a "potential adversarial relationship.") (internal citations omitted).

## Conclusion

For the foregoing reasons, the Foundation's motion to dismiss, R. 26, is granted. Sterling's forgery, money laundering and copyright infringement claims are dismissed with prejudice. But if Sterling believes he can cure the deficiencies identified here as to the remaining claims, he may move for leave to file an amended

complaint by September 14, 2020. Any such motion should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in Sterling's initial complaint. Absent a timely filed amended complaint and motion, or timely sought extension of time in which to do so, this case will be dismissed with prejudice.

                                          ENTERED:

                                          *Thomas M. Durkin*

                                          Honorable Thomas M. Durkin
                                          United States District Judge

Dated: August 17, 2020